IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BUDGET RENT-A-CAR SYSTEM, INC., | ) | |
| Plaintiff, Counterdefendant, | ) ) ) ) | |
| v. | ) ) | No. 04 C 1772 |
| CONSOLIDATED EQUITY, LLC, | ) ) | |
| Defendant, Counterclaimant. | ) ) ) | |

## **MEMORANDUM OPINION AND ORDER**

In this case plaintiff Budget Rent-A-Car System, Inc. alleges that it was overcharged for premises it leased from defendant Consolidated Equity III, LLC. Defendant counterclaims that it has been underpaid. Central to this dispute is the amount of "additional rent" due under the lease. Additional rent is based on operating expenses, taxes, and insurance expenses incurred by defendant. Presently pending are two motions for sanctions related to previously ruled upon motions to compel.

Federal Rule of Civil Procedure Rule 37(a)(4) provides in relevant part:

> (A) If the motion is granted or if the disclosure or requested discovery is provided

> after the motion was filed, the court shall,
> after affording an opportunity to be heard,
> require the party or deponent whose conduct
> necessitated the motion or the party or attorney
> advising such conduct or both of them to pay to
> the moving party the reasonable expenses incurred
> in making the motion, including attorney's fees,
> unless the court finds that the motion was filed
> without the movant's first making a good faith
> effort to obtain the disclosure or discovery
> without court action, or that the opposing
> party's nondisclosure, response, or objection was
> substantially justified, or that other
> circumstances make an award of expenses unjust.
>
> * * *
>
> (C) If the motion is granted in part and
> denied in part, the court may enter any
> protective order authorized under Rule 26(c) and
> may, after affording an opportunity to be heard,
> apportion the reasonable expenses incurred in
> relation to the motion among the parties and
> persons in a just manner.

The Seventh Circuit has held that Rule 37(a)(4) contains a presumption that the victor on a motion to compel is entitled to its costs, including attorney fees. Rickels v. City of South Bend, Ind., 33 F.3d 785, 786-87 (7th Cir. 1994); Mudron v. Brown & Brown, Inc., 2005 WL 645927 *1 (N.D. Ill. March 17, 2005). Where the motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. Rickels, 33 F.3d at 787; Burke v. Prudential Insurance Co. of America, 2004 WL 784073 *2 (N.D. Ill. Jan. 29, 2004). Substantially justified does not mean "'justified to a

high degree,' but rather 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). See also Rickels, 33 F.3d at 787. There is no requirement in Rule 37(a)(4) that, in order to obtain fees, the moving party be prejudiced by delay in receiving the discovery. Prejudice, though, could be a factor pertinent to consideration of whether it would be unjust to award fees.

In November 2003, before litigation had been initiated, plaintiff requested verification of the expenses upon which the additional rent was calculated. No such verification was provided prior to the filing of this lawsuit in March 2004. In June 2004, plaintiff served discovery requests upon defendant. This included requests for all documents and communications supporting or related to additional rent and operating expenses. Defendant did not respond to the discovery request. In August 2004, plaintiff filed a motion to compel. Defendant thereafter provided a few documents, but no supporting documents for operating expenses. In a September 2004 letter, plaintiff's counsel requested further supporting documents. Defendant provided operating statements, but no supporting documents for the amounts contained in the statements. In October 2004,

plaintiff again brought a motion to compel.  At the court hearing, defendant's counsel represented that there were no more documents.  A few days later, though, a general ledger was produced, but still no documents supporting the expenses.

Plaintiff thereafter propounded requests to admit, seeking admissions that no supporting expense documents existed. In November 2004, defendant responded that the general ledger was supporting documentation.  In December 2004, there were some indications from defendant's counsel that supporting documentation might exist.  Those communications involved more correspondence and telephone calls between the parties' attorneys.  At that time, discovery was to close at the end of January 2005.  On January 4, 2005, counsel for defendant disclosed that invoices, bills, and receipts were in storage. Depositions had already been scheduled for mid-January.  None of the expense documentation was provided until January 12, 2005. The depositions were postponed and an extension of discovery was granted.  In a January 5, 2005 letter, defendant's counsel stated that he had only recently learned of the existence of the documents because they had been archived.  Although such documents had been repeatedly requested, counsel stated: "There was no, and never has been, any ongoing investigation to produce

- 4 -

comprehensive discovery." In response to plaintiff's present motion, defendant provides no further explanation for the delay in producing the documents. Also, there is no dispute that the documents contain prior Bates stamps showing that they had previously been produced in other litigation.

Defendant contends its failure to provide the expense documentation is substantially justified because it had already provided the general ledger and operating expense statements. That contention has absolutely no merit. The central dispute in this case regards whether defendant had been accurately computing additional rent based on the underlying expenses. Whether the ledger and expense statements accurately reported expenses is an issue. Plaintiff clearly requested and clearly was entitled to documentation of the reported expenses. This court would have granted the initial motion to compel requesting such documentation, but defendant represented that none existed. Even if it turns out that all the expenses shown in the statements are supported by the expense documents, defendant was not justified in failing to turn over, or even search for, the documents when first requested in discovery. Plaintiff will be awarded its reasonable attorney fees and expenses incurred in attempting to compel production of the documents.

Defendant asserts that any award of fees and expenses should be limited to work related to compelling production of the documents at issue. Defendant insinuates that some of the fees and expenses claimed are not related to the motion to compel. Plaintiff has provided documentation of the attorney hours included and the expenses charged. Defendant has not particularly pointed to any charge that should not have been included.

Only one aspect of the claimed fees will be reduced. The $15,983.00 in fees for pursuing this sanctions motion is not reasonsable. $4,650.00 (representing 15 hours of associate time) is sufficient. That results in total fees and expenses of $25,792.76. This includes fees and expenses related to briefing multiple motions to compel and related requests to admit, appearing in court on a number of occasions when the motions were presented, drafting and reading numerous letters, telephone conversations with opposing counsel, and the cost of briefing and presenting the motions for sanctions.

In apparent retaliation for plaintiff's request for sanctions, defendant also moves for sanctions related to a motion to compel that it filed on March 7, 2005. On April 20, 2005, defendant's motion to compel was granted in part and denied

in part. Defendant denominates its motion as one for reconsideration because the April 20 minute order does not expressly state whether the request for fees contained in the motion to compel was granted or denied. Also, there was no express statement in court as to fees because defendant did not raise that issue at the time the motion to compel was ruled upon. Most aspects of the motion to compel were denied. All that was granted was that plaintiff would have to eventually disclose its computation as to the correct amount of rent. Plaintiff represented that it would likely do this through the report of its damages expert, an accountant. Time was allowed for the disclosure of expert reports.

In accordance with Rule 37(a)(4)(C), the court determined that the appropriate apportionment of fees and expenses related to the motion to compel that was granted in part and denied in part was for each party to bear its owns fees and expenses related to the motion. Although not expressly stated in the minute order, that was implicit in there being no statement in the minute order that fees were being awarded. Defendant's present arguments have been considered and no reason is found to award defendant any fees and expenses related to its motion to compel. Defendant's motion will be denied.

IT IS THEREFORE ORDERED that plaintiff's supplemental motion for fees and sanctions [35] is granted. Defendant's motion to clarify or, in the alternative, to amend, or in the alternative to reconsider [58] is denied. The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $25,792.76 representing fees and expenses awarded pursuant to Fed. R. Civ. P. 37(a)(4).

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 3, 2005